# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BARBARA PAOLUCCI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-1253-MLB-KGG |
| | ) |
| RENDER, KAMAS LAW FIRM, *et al.,* | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER ON IFP STATUS

Plaintiff Barbara Paolucci filed a federal court Complaint based on diversity jurisdiction alleging legal malpractice against the Defendants resulting from representation she allegedly received in a class action lawsuit.[1]  In conjunction with her Complaint, Plaintiff also filed a Request to Proceed *In Forma Pauperis* (*IFP* Application, Doc. 1).[2]

---

[1] Plaintiff states that her legal malpractice lawsuit was initially filed in the Supreme Court of the State of New York, but that she "lost a motion to dismiss based on long arm jurisdiction," which was subsequently upheld on appeal. (Doc. 2, at 3.)  She contends that she has "been advised that this is the venue [she] need[s] to persue [sic]" and that she intends to find counsel. (*Id.*, at 2, 4.)

[2] The Court notes that Plaintiff has used the *IFP* Application and Complaint forms from the United States District Court for Southern District of New York. (Doc. 1.)  While the *IFP* form does not require as much information as that used by the District of Kansas, the Court is satisfied Plaintiff has provided sufficient information for a determination of her *IFP* status.  In the interest of judicial economy, the Court will not require Plaintiff to file an application using the appropriate form from the District of Kansas.  Plaintiff is instructed that any subsequent filings made by her in this matter, *pro se*, will need to use the appropriate case number, caption, and form (if any) from the District of Kansas.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means.  28 U.S.C. § 1915(a).  In so doing, the court considers the affidavit of financial status included with the application.  *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

According to her *IFP* Application, Plaintiff is unemployed and has not worked since 1990 "due to disability."  (Doc. 1, at 1.)  It appears that her only income comes in the form of monthly Social Security disability benefits and food stamps.  (*Id*., at 1-2.)  She pays a small amount in monthly rent, which she indicates is "subsidized by a section 8 voucher."  (*Id*., at 2.)  While she does have a

2

certain amount of cash on hand,[3] she also states that she has "high out of pocket medical expenses due to having Lupus, Rheumatoid & Psoriatic Arthritis, Sjogrens, Spinal Stenosis, and more." (*Id.*)

Considering all of the information contained in the financial affidavit, the Court finds that Plaintiff has established that her access to the Courts would be severely inhibited absent a finding of *IFP* status. The Court therefore **GRANTS** Plaintiff leave to proceed *in forma pauperis* and directs that this case be filed without payment of a filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff's Request to Proceed *In Forma Pauperis* (Doc. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk's office shall proceed to issue summons in this case.

Dated at Wichita, Kansas, on this 31st day of July, 2012.

                                           S/ KENNETH G. GALE
                                           KENNETH G. GALE
                                           United States Magistrate Judge

---

[3] Plaintiff's Complaint refers to significant financial investments, which were at issue in the underlying class action lawsuit. (*See generally* Doc. 2.) She also refers to an automobile she owned as well as a home (co-op) she attempted to buy. While amounts and values involved raise some questions regarding her financial situation, it appears that all of these assets have been lost and their value are being sought as damages. (*Id.*)