# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BARBARA PAOLUCCI, )
 )
 Plaintiff, )
 )
vs. ) Case No. 12-1253-MLB-KGG
 )
RENDER, KAMAS LAW FIRM, *et al.*, )
 )
 Defendants. )
 )

## ORDER ON MOTION TO APPOINT COUNSEL

Plaintiff Barbara Paolucci filed a federal court Complaint based on diversity jurisdiction alleging legal malpractice against the Defendants resulting from representation she allegedly received in a class action lawsuit.[1] In conjunction with her Complaint, Plaintiff also filed a Request to Proceed *In Forma Pauperis* (*IFP* Application, Doc. 1), which the Court previously granted. (*See* Doc. 7.)

Plaintiff has now filed a Motion for Appointment of Counsel (Doc. 19). The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of

---

[1] Plaintiff states that her legal malpractice lawsuit was initially filed in the Supreme Court of the State of New York, but that she "lost a motion to dismiss based on long arm jurisdiction," which was subsequently upheld on appeal. (Doc. 2, at 3.) She contends that she has "been advised that this is the venue [she] need[s] to persue [sic]" and that she intends to find counsel. (*Id*., at 2, 4.)

plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel.  *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.  The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.  *Castner*, 979 F.2d at 1421.

Initially, the Court is not convinced that Plaintiff has diligently searched for counsel.  (*See* Doc. 19, at 1-3.)  Although Plaintiff has contacted more than the requisite number of attorneys, she has only inquired about *pro bono* representation. It is possible that some of the attorneys contacted may have considered representing Plaintiff on a contingency basis had she posed her inquiry in this manner.  Regardless, this will not be the determinative factor in the Court's analysis.

In regard to the second *Castner* factor, Plaintiff's financial need, the Court previously found that she qualified for *IFP* status.  (*See* Doc. 7.)  This the Court is satisfied that Plaintiff could not afford counsel.

As for the third *Castner* factor, the merits of Plaintiff's claims, the Court sees no specific concerns on the face of Plaintiff's federal court Complaint. (Doc. 1.) The Court notes Defendant's contention that Plaintiff's claims are meritless. (*See* Doc. 22, at 5-6.) The Court finds, however, that Defendant's contentions raise numerous factual issues and rely significantly on subjective opinion. While not expressing an opinion as to the validity of any potential dispositive motion, based on the information currently presented, the Court is not prepared to say that Plaintiff's claims are meritless as a matter of law.

In considering the final *Castner* factor – Plaintiff's capacity to represent herself – the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. 979 F.2d at 1422. The Court notes that the factual and legal issues in this malpractice case are not unusually complex. *Cf.* ***Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* in Courts throughout the United States on any given day. To the contrary, Plaintiff has shown her ability to

3

represent herself through the filing of her federal Court Complaint and continued motion practice in this case. Further, in addition, Plaintiff apparently has represented herself in a plethora of litigation in her home state of New York. (*See* Doc. 22-2.) Although Plaintiff is not trained as an attorney, and while an attorney might present her case more effectively, this fact alone does not warrant appointment of counsel – especially in light of her extensive experience navigating the court system.

The Court therefore finds that Plaintiff appears to be an articulate individual with the ability to gather and present facts crucial to her case. As such, her Motion to Appoint Counsel is **DENIED**.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Appointment of Counsel (Doc. 19) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 14th day of February, 2013.

                                       S/ KENNETH G. GALE
                                       KENNETH G. GALE
                                       United States Magistrate Judge