**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BARBARA PAOLUCCI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-1253-MLB-KGG |
| | ) | |
| RENDER, KAMAS LAW FIRM, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |

### DEFENDANT RENDER KAMAS, L.C.'S
### FIRST SET OF INTERROGATORIES TO PLAINTIFF BARBARA PAOLUCCI

COMES NOW defendant Render Kamas, L.C., and asks that plaintiff Barbara Paolucci supply the information requested in the interrogatories on the following pages in accordance with Rule 33 of the Federal Rules of Civil Procedure.  Please answer each request within the space provided, inserting additional pages where necessary.  Verify your answers in the form provided after the last interrogatory and serve the original set of the interrogatories and answers on defendant Render Kamas L.C.'s attorneys within thirty (30) days.

### Definitions

1.      As used herein: "Plaintiff" refers to Plaintiff Barbara Paolucci, and all of her agents, representatives, attorneys, etc.; "Defendant" refers to Render Kamas, L.C., and all members, shareholders, attorneys, paralegals, assistants, secretaries, and all other employees or representatives of Render Kamas, L.C.; "*Paolucci v. Hillcrest Bank*" refers to Case No. 99-CV-14497, in the District Court of Johnson County, Kansas; "*Sanders v. Hillcrest Bank*" refers to Case NO. 99-CV-01643 in the District Court or Johnson County, Kansas; the "New York Lawsuit" refers to *Paolucci v. Al Kamas, the firm of Render Kamas, and all partners from 1995 to the present*, Index No. 104828/2007, in the Supreme Court of the State of New York, County

of Richmond, and all appeals from that case; "Parade of Toys" refers to Parade of Toys, Inc., a now-defunct Kansas corporation in which Plaintiff invested money, and all agents, attorneys, employees, representatives, and principals acting on the corporation's behalf; and "Trade References" refers to Hillcrest Bank (formerly known as Olathe Bank), Exchange National Bank, Community Bank, Premier Bank, Mike Yancey, Jake Esser, Fred Meier, Lisa Keating, Robert Bouckhout, Dennis Vaughn, and any other name that was included on a list of trade references provided to you by Parade of Toys before you invested in Parade of Toys.

2.     "Person" includes every individual, corporation, partnership, association, or other entity, including governmental entities.

3.     The term "document" means anything within the scope of Fed. R. Civ. P. 34 and Fed. R. Evid. 1001, including without limitation, the original, drafts, revisions, non-identical copies of any statements, letters, correspondence, telegrams, memoranda, notes, records, reports, interoffice communications, e-mails, data cards, disks, data tapes, calendar and diary entries, microfilm, bulletins, circulars, pamphlets, messages, invoices, maps, charts, tabulations, summaries or abstracts, tape recordings, video recordings, audio recordings, work sheets, any notes or writings pertaining to any meeting, oral or telephone communication, surveys, graphs, statistics, tables, any computer printouts, computer software or code whether in machine or human readable form on any medium, computer backups, photographs, rules, regulations, opinions, orders, interpretations, guidelines, and all other documentary material including non-identical copies.

4.     The terms "identification," "identify," or "identity," when used in reference to a person or persons, means to state the name, address and telephone number of each such person; the name of the present employer; and place of employment of each such person.  When used in

reference to a document or documents, such terms mean to describe each such document by date, subject matter, name of each person who wrote, signed, initialed, dictated or otherwise participated in the creation of or obtaining of such document; the name of each addressee (if any); and, if it now exists, the name and address of each person having custody of such document.   When used in reference to an act, event, occurrence or statement of conduct (hereinafter "act"), "identify," "state" and "describe" mean:

      a.    to describe the event or events constituting such act.

      b.    to state the date when such act occurred.

      c.    to identify each person participating in such act.

      d.    to identify all other persons, if any, present when such act occurred.

      e.    to identify each document which in any way refers to, discusses, analyzes, comments upon or otherwise relates to such act.

      f.    to state whether each such document now exists.

5.    The term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons.

6.    The word "or" appearing in an interrogatory should not be read so as to eliminate any part of the interrogatory but, whenever applicable, it should have the same meaning as the word "and."   For example, an interrogatory which states "support or refer" should be read as "support and refer" if an answer can be made which satisfies each item.

**Instructions**

7.    With respect to each interrogatory, in addition to supplying the information requested, you are to identify all documents that support, refer to, or evidence the subject matter of each interrogatory and your answer thereto.

8.    If any or all documents identified herein are no longer in your possession, custody or control because of destruction, loss, or any other reason, then do the following with respect to each and every such document:

      a.    describe the nature of the document (e.g., letter or memorandum).

      b.    state the date of the document.

      c.    identify the persons who sent and received the original and/or a copy of the document.

      d.    state in as much detail as possible the contents of the document.

      e.    state the manner and date of disposition of the document.

9.    If you contend that you are entitled to withhold from production any or all documents identified herein on the basis of the attorney-client privilege, the work-product doctrine or any other ground, then do the following with respect to each and every document:

      a.    describe the nature of the document (e.g., letter or memorandum).

      b.    state the date of the document.

      c.    identify the persons who sent and received the original and/or a copy of the document.

      d.    state the subject matter of the documents.

      e.    state the basis upon which you contend you are entitled to withhold the document from production.

10.     If you cannot answer a particular interrogatory in full, after exercising due diligence to secure the information to do so, state and answer to the fullest extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

11.     When an interrogatory requires you to "state the basis of" a particular claim, contention or allegation, state in your answer the identity of each and every communication and each and every legal theory which you believe supports, refers to, or evidences such claim, contention or allegation.

## INTERROGATORIES

**INTERROGATORY NO. 1.**     Please state your full name, any other names you've ever used or been known by, the inclusive dates you were known by each such other name, and the reason for using or having been known by each other name.

**ANSWER:**

**INTERROGATORY NO. 2.**     Please state your social security number, your driver's license state of issuance and number, the date of your birth, and the place of your birth.

**ANSWER:**

**INTERROGATORY NO. 3.**     Please state:

(a)     Your present address and the inclusive dates you have resided there;

(b)     any other addresses at which you have resided at any time from April 25, 1997 to the present, including the inclusive dates that you resided at each address listed; and,

(c)     for each address listed, the name, age, present address, relationship to you and inclusive dates of residency of each person who resided with you at each such address.

**ANSWER:**

**INTERROGATORY NO. 4.**     Have you ever been convicted of a felony or misdemeanor under the laws of any state, the United States, or a foreign government?  If the answer is affirmative, state the date and place of each such conviction and each offense for which you were convicted.

**ANSWER:**

**INTERROGATORY NO. 5.**     Please state whether, you have ever been a claimant, plaintiff, petitioner, claimee, defendant or respondent in any claims or suits regardless of the subject matter thereof; if so, please state:

(a)     The date and circumstances of the occurrence or occurrences giving rise to each such claim or suit;

(b)     the name and address of each person, firm, corporation or other entity involved as a party in each such claim or suit and;

(c) the name and address of the court, commission, tribunal, other judicial body or insurer, if applicable, before which or to which each such claim or suit was submitted, commenced or filed, if applicable.

**ANSWER:**

**INTERROGATORY NO. 6.** With respect to your investment in Parade of Toys, please state:

(a) Identify the date upon which you invested;

(b) Identify the entire amount paid by you for your investment;

(c) Identify the amount of any refund(s) that you received from Parade of Toys;

(d) Identify all documents reflecting payment by you of your investment;

(e) Identify all documents provided to you by Parade of Toys before your investment;

(f) Identify all documents provided to you by Parade of Toys after your investment;

(g) Identify all witnesses that can support your answers to this Interrogatory.

**ANSWER:**

**INTERROGATORY NO. 7.** Explain in detail, what you allege was fraudulent or misleading about Parade of Toys, including the manner in which your investment differed from the representations that were made to you before you invested.

**ANSWER:**

**INTERROGATORY NO. 8.**        With regard to your investment in Parade of Toys:

(a)     Identify each date that you accepted a shipment of products from Parade of Toys;

(b)     Identify the products that comprised each such shipment of products from Parade of Toys;

(c)     Identify all documents, including shipping receipts, inventory statements, order forms, and all correspondence that relate to each such shipment; and

(d)     Identify all witnesses that can support your responses to this Interrogatory.

**ANSWER:**

**INTERROGATORY NO. 9.**        With respect to each of the Trade References:

(a)     Identify each Trade Reference that you actually communicated with before investing in Parade of Toys;

(b)     Identify each date upon which you had any oral or written communication with each such Trade Reference;

(c)     Identify each telephone number or facsimile number that you called or used to communicate with each such Trade Reference;

(d)     Identify the specific substance of each oral or written communication that you had with each such Trade Reference;

(e)     Identify the manner in which you claim that the communications with each such Trade Reference were false or misleading;

(f)     Identify the actions you took in reliance on each such communication;

(g)     Identify every witness who has information regarding your communications with each such Trade Reference; and

(h)     Identify all witnesses that can support your responses to this Interrogatory.

**ANSWER:**

**INTERROGATORY NO. 10.**     Prior to investing in Parade of Toys, did you discuss the potential investment with any persons other than the Trade References identified in Interrogatory No. 9(a)?  It the answer is affirmative, please identify all such persons whom you discussed your potential investment with, including each such person's name, address, telephone number, and relationship to you (e.g., other investors, distributors, accountant, lawyer, spouse, brother, etc.).

**ANSWER:**

**INTERROGATORY NO. 11.**     With respect to the statement "They advised me to have my lawsuit against the defendants (which was progressing well as I had won a motion to dismiss based on long arm jurisdiction) marked off calendar," found on page 3, paragraph III,C, of the Complaint (Doc. 2):

(a)     Identify the court in which such lawsuit was pending;

(b)     Identify the case number or index number of the lawsuit;

(c)     Identify each defendant that you had allegedly sued in New York;

(d)     Identify who, specifically, told you to have the lawsuit "marked off calendar" and when that person(s) told you to have the lawsuit "marked off calendar;"

(e)     Identify the attorney(s) that represented the defendants that you allegedly sued in New York;

(f)     Identify the attorney(s) that represented you in the New York lawsuit; and

(g)     Identify all witnesses that can support your responses to this Interrogatory.

**ANSWER:**


**INTERROGATORY NO. 12.**          With regard to *Paolucci v. Hillcrest Bank*, *Sanders v. Hillcrest Bank*, the New York Lawsuit, and the current lawsuit:

(a)     Identify every attorney and other law school graduate, excluding Defendant, that has provided you legal advice and/or legal services, including each individual's telephone number, address, and email address;

(b)     Provide the dates when each such individual provided you legal advice and/or legal services;

(c)     State for which lawsuits each such individual provided you legal advice and/or legal services;

(d)     State whether you had a fee agreement, written or oral, with each such individual;

(e)     State how much money you owe, or have paid, to each such individual; and

(f)     Identify all witnesses that can support your responses to this interrogatory.

**ANSWER:**

**INTERROGATORY NO. 13.**       Identify all witnesses that you intend to call at trial and describe the substance of the testimony that you expect each such witness to provide.

   **ANSWER:**


**INTERROGATORY NO. 14.**      Identify all exhibits that you intend to use at trial.

   **ANSWER:**


Submitted by:

   _____s/ Nathan R. Elliott_____
   Steven D. Gough
   Attorney Bar No. 09016
   Nathan R. Elliott
   Attorney Bar No. 24657
   ***Attorneys for Defendant***
   Withers, Gough, Pike, Pfaff & Peterson, LLC
   200 W. Douglas, Ste. 1010
   Wichita, KS  67202
   Phone:  (316) 267-1562
   Fax:  (316) 303-1018

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on February 13, 2013, I have caused to be served electronically and via U. S. Mail, postage prepaid, a true and accurate copy of the foregoing to:

Barbara Paolucci
171 Lexington Avenue, Apt. #111
New York  NY  10016


       s/ Nathan R. Elliott
Steven D. Gough
Attorney Bar No. 09016
Nathan R. Elliott
Attorney Bar No. 24657
***Attorneys for Defendant***
Withers, Gough, Pike, Pfaff & Peterson, LLC
200 W. Douglas, Ste. 1010
Wichita, KS  67202
Phone:  (316) 267-1562
Fax:  (316) 303-1018

## VERIFICATION

STATE OF _____ )
                                ) ss:
_____COUNTY  )


**Barbara Paolucci,** of lawful age, being first and duly sworn upon oath, deposes and says:

That she is the plaintiff in the above-entitled action; that she has read the above and foregoing Interrogatories and the answers thereto; that said answers are her answers and are true and correct to the best of her knowledge and belief.

FURTHER AFFIANT SAITH NAUGHT


_____

BARBARA PAOLUCCI


SUBSCRIBED AND SWORN TO before me, a Notary Public within and for the County and State aforesaid, on this _____ day of _____ 2013.


_____

Notary Public


My Appointment Expires:

_____