# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BARBARA PAOLUCCI, )
 )
        Plaintiff, )
 )
vs. )   Case No. 12-1253-MLB-KGG
 )
RENDER, KAMAS LAW FIRM, *et al.*, )
 )
        Defendants. )
 )

## ORDER ON MOTION TO COMPEL

Plaintiff Barbara Paolucci filed a federal court Complaint based on diversity jurisdiction alleging legal malpractice against the Defendants resulting from representation she allegedly received in a class action lawsuit resulting from money she alleges to have lost from investing in toy distributor Parade of Toys.[1] In the context of the present lawsuit, Defendant Render Kamas Law Firm ("Defendant") served Plaintiff with Interrogatories and Requests for Production. Plaintiff's responses were almost two months late when served and, according to Defendant, were substantively deficient.

---

[1] Plaintiff states that her legal malpractice lawsuit was initially filed in the Supreme Court of the State of New York, but that she "lost a motion to dismiss based on long arm jurisdiction," which was subsequently upheld on appeal. (Doc. 2, at 3.) She contends that she has "been advised that this is the venue [she] need[s] to persue [sic].". (*Id.*, at 2.)

Defendant's Interrogatories at issue seek information regarding Plaintiff's investment in Parade of Toys (Interrogatory No. 6), alleged fraud by Parade of Toys (Interrogatory No. 7), trade references Plaintiff communicated with regarding Parade of Toys (Interrogatory No. 9.), legal advice she has received in the present litigation as well as the New York lawsuit (Interrogatory No. 12), and the identification of trial witnesses and exhibits (Interrogatories Nos. 13 and 14). (*See* Doc. 54-3.)

Defendant's Requests for Production seek documents regarding correspondence with Defendant, (Request No. 1), court personnel (Request No. 2), the State of Kansas Attorney General (Request No. 14), and other listed individuals (Requests Nos. 3-13, 15). (Doc. 54-4.) Additional Requests sought information related to Parade of Toys (Requests Nos. 19, 20), and her alleged damages (Request No. 22). (*Id.*)

In response to these discovery requests, Plaintiff generally either contended that Defendant had the information, that she had provided this information in other litigation, or failed to respond to the Interrogatories whatsoever. (*See generally* Docs. 54-3, 54-4.) Plaintiff also responded at times by incorporating by reference other discovery "responses" that Defendant contends were substantively inadequate. (*Id.*)

Defendant also requests documents concerning Plaintiff's communication with attorney Timothy Mustaine (Doc. 54-4, at 2.) Plaintiff objected that while Mr. Mustaine was "not representing [her] formerly [sic]," and that she had not paid him for his services, "he assisted [her] with legal advice . . . ." (*Id*.) As such, Plaintiff contends that this communication is privileged. Request No. 23 sought documents regarding communications any Trade References (Request No. 23). Plaintiff's response incorporated her response to Request No. 17 regarding Mr. Mustaine. (*Id*., at 3.)

Plaintiff did not file a response to Defendant's Motion to Compel and the time to do so has expired pursuant to D. Kan. Rule 6.1(d)(1). As such, Defendant's motion is **GRANTED** as uncontested pursuant to D. Kan. Rule 7.4. Plaintiff is Ordered to provide supplemental responses to the discovery requests addressed in Defendant's motion within **30 days of the date of this Order**.

By failing to respond to Defendant's motion, Plaintiff has waived any objections she may have had to Defendant's discovery requests. *Cf.* **Sonnino v. Univ. of Kansas Hosp. Auth**., 221 F.R.D. 661, 670-71 (D. Kan. 2004) (holding that a party fails to meet its burden to support its objections when it fails to address those objections in response to a motion to compel, leaving the Court "without any basis to determine whether the objections are valid and applicable in light of the

particular circumstances of the case"); ***Cooper v. Old Dominion Freight Line, Inc.***, No. 09-2441-JAR, 2011 WL 251447, at *2 (D. Kan. Jan. 25, 2011) (holding that a discovery objection not relied upon in response to a motion to compel is waived). As such, her responses shall be without objection.

The Court instructs Plaintiff that it is insufficient for her to generally refer to documents that she believes to be in Defendant's possession. She is instructed to provide specific and thorough answers to Defendant's Interrogatories, which may include the option for Defendant to review documents. Fed.R.Civ.P. 33(d). She is also instructed to produce all documents responsive to Defendant's Requests for Production or, in the alternative, make said documents available to Defendant for inspection and copying at a mutually agreeable time and place. Fed.R.Civ.P. 34.

IT IS THEREFORE ORDERED that Defendant's Motion to Compel (Doc. 53) is **GRANTED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 21st day of June, 2013.

 S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge